

**City and County of San Francisco**
**Department of Building Inspection**

**London N. Breed, Mayor**
**Patrick O'Riordan, C.B.O., Director**

March 17, 2023

The Honorable Susan Illston
United States District Court
Northern District of California
San Francisco Courthouse, Courtroom One, 17th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

      Re:   *United States of America v. Bernard Curran*
            Case No. 3:21-cr-00453-SI-1

Dear Judge Illston:

As the Director for the Department of Building Inspection for the City and County of San Francisco ("DBI"), and pursuant to 18 U.S.C. § 3771, I submit this victim impact statement in support of DBI in advance of the sentencing of Defendant Bernard Curran ("Curran") in the above-referenced action on March 31, 2023.

In August 2020, when DBI became aware of Curran's illegal acceptance of financial benefits from Rodrigo Santos ("Santos"), his clients, as well as a developer, DBI began its investigation of Curran and the projects he signed off on. Prior to the investigation, DBI was already aware that Senior Building Inspector Curran had, at times, performed plan review and field inspections on a citywide basis outside of his assigned district, which was irregular. The responsibilities of a Senior Building Inspector are more significant than those of a Building Inspector because they handle more difficult and complicated programs or projects, and supervise a group of building inspectors or subordinate staff whose primary functions are plan review, site inspections, and/or code enforcement. The purpose of site inspections is to verify that construction work has been completed according to the approved permits and plans, and ultimately, to ensure the safety of the occupants residing or working in the structures. DBI discovered that, on several occasions, Curran acted outside the scope of his official responsibilities in exchange for a financial benefit to himself or others. Curran's illegal conduct called into question the integrity of his other inspections, as well as DBI's quality control over the permit and inspection review process.

As a result, DBI began conducting an Internal Quality Control Audit ("Audit") in March 2021 to identify violations resulting from Curran's public integrity breaches. To perform this thorough review of records for the Audit, including determining the scope and extent of Santos and Curran projects, DBI dedicated a team of thirteen full-time building inspectors and administrative personnel. The Audit team members searched DBI's own data and records for evidence of: revision permits; insufficient plan checks; permits requiring special scrutiny (e.g., excavation, structural, seismic, sprinklers on separate permits, etc.); slope protection reviews; missing trade permits; missing inspections; missing special inspections; missing addenda; and complaints not investigated. The Audit is not a project ordinarily undertaken by DBI staff in their normal course of responsibilities, and was only made necessary by Curran's illegal acts.

DBI also collaborated with the San Francisco City Attorney's Office to determine Audit criteria, identify projects associated with Santos and/or Curran, and identify properties for follow-up with visual inspections. The Audit team identified a total of 5,445 projects separated into three tiers: Tier 1 includes

properties where both Santos and Curran were involved in the engineering and inspection of a project (119 properties); Tier 2 includes properties where either Santos or Curran was involved in the development of a project located within a steep slope or seismic hazard zone (158 properties); and Tier 3 includes properties associated with either Santos or Curran outside of the slope and seismic hazard zones (5,168 properties).

The Audit is ongoing. To date, the Audit team has spent 3,408.50 hours in their review of 1,072 properties in Tier 1, Tier 2, and a portion of Tier 3. This translates to $335,391.94 in costs to DBI (based on Table 1-D of § 110A of the San Francisco Building Code, a copy of which is attached hereto). The Audit time is inclusive of review time of approved plans, special inspections, and histories of permits and inspections to identify potential issues; it also includes time spent to create a follow-up action plan to rectify any potential issues, outreach to property owners, and close-out of the property review.

One way to calculate the total Audit costs to date (i.e., $335,391.94) attributable to Curran is to multiply this past cost by the percentage of properties in the entire Audit that Curran worked on. Out of the 5,445 properties in the Audit, there are 2,961.5 Curran properties (i.e., one half of the 119 properties in Tier 1, or 59.5 properties + 56 properties in Tier 2 + 2,846 properties in Tier 3), which represents 54.3 percent of the total. Accordingly, Curran's share of the past Audit costs is $182,117.82.

But this sum does not include the number of hours and costs DBI anticipates spending in the future to review the remaining properties in Tier 3. Based on the 18 months taken to review 1,072 properties, we approximate that it will take another 3-4 years to complete the Audit through the close-out phase for the remaining Tier 3 properties. We prioritized Tier 1, which involved properties with potentially higher risk given Curran's and Santos' public integrity breaches, and Tier 2 properties in slope protection areas which may have higher potential risk for a life-safety hazard issue. Tier 3 is a catch-all Tier for the remaining properties, but this does not mean that it will take less time to review. It is dependent on what issues, if any, DBI finds in each property; in DBI's experience, this varies from address to address.

Out of the total of 5,168 properties in Tier 3, there are 2,846 related to Curran; the remainder are related to Santos. One way to estimate the future cost to review the Curran-only properties would be to calculate the past cost of the Audit on a per property basis. If you divide the total cost to date ($335,391.94) by the total amount of properties reviewed (1,072), then the average cost per property is $312.87. If you multiply that figure by 2,659 (the current number of Tier 3 Curran properties to be reviewed), then the expected future cost to DBI due to Curran's conduct would be $831,921.33, which would cover reviewing properties, administrative costs, inspector costs, identifying potential issues, follow-up plan review, and conducting visual inspections.

These past and future costs are separate and apart from the legal and investigative fees that DBI has incurred for the services of the San Francisco City Attorney's Office related to the pending San Francisco Superior Court civil case against Defendant Curran and others.

In summary, DBI submits this victim impact statement requesting restitution in the amount of $1,014,039.15, which represents the sum of DBI's past Audit costs attributable to Curran ($182,117.82) and DBI's future Audit costs attributable to Curran ($831,921.33). By so doing, the Court may hold Defendant Curran responsible for the consequences suffered by DBI as a direct result of his wrongdoing. We thank the Court for this opportunity to be heard.

Sincerely,

Patrick O'Riordan, C.B.O.
Director

**OFFICE OF THE DIRECTOR**
**49 South Van Ness Avenue, Suite 500 – San Francisco CA 94103**
**Office (628) 652-3500 – FAX (628) 652-3509**
**Email: Patrick.Oriordan@sfgov.org**

# BUILDING CODE
## 2022 Edition

**The San Francisco Building Code is current through:**

[Includes legislation adopted by the Board of Supervisors through December 31, 2022, and Administrative Bulletins approved through December 31, 2022]



**Copyright © 2023**

by

THE CITY AND COUNTY OF SAN FRANCISCO

A Municipal Corporation

**All rights reserved.** No part of this publication may be reproduced or distributed by any means or stored in a database or retrieval system without prior written permission of the City and County of San Francisco.

CA > San Francisco > San Francisco Build… > SECTION 110A - SCHEDULE OF FEE TABLES   

## SECTION 110A – SCHEDULE OF FEE TABLES  

\* \* \*

### TABLE 1A-D – STANDARD HOURLY RATES

1. Plan Review     $173.91 per hour

2. Inspection     $158.10 per hour, $167.40 per hour for OSHPD inspection

3. Administration   $96.72 per hour, with a minimum charge of $48.36 for 30 minutes or less